[22 NYS3d 731]

In the Matter of PAUL MICHAEL SHANLEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 23, 2015

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Edward J. Smith,* III, Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 13, 1970, and maintains an office in Oswego. The Grievance Committee filed a petition alleging that respondent has engaged in professional misconduct, including failing to correct a false statement of fact made to a tribunal and threatening criminal charges solely to gain an advantage in a civil matter. Respondent filed an answer admitting material allegations of the petition and setting forth matters in mitigation. He thereafter appeared before this Court and was heard in mitigation.

Respondent admits that, in 2013, he was retained by a client to defend an action for divorce that had been filed by the client's wife and, after respondent indicated to opposing counsel that his client intended to commence a bankruptcy proceeding seeking relief from certain marital debts, respondent and opposing counsel agreed that respondent would file a joint bankruptcy petition on behalf of both parties to the divorce action. Respondent admits that he thereafter arranged for his paralegal to obtain from the wife certain information for the joint bankruptcy petition, including proof that the wife had completed a required credit counseling course. Respondent admits that the paralegal erroneously told the wife that she was not required to complete the credit counseling course and, on May 27, 2014, respondent filed the bankruptcy petition containing a false certification that the wife had completed the course. Respondent further admits that, although the rules of the Bankruptcy Court required that the parties approve and file certain schedules in support of the bankruptcy petition, the wife did not review the schedules before they were filed and, in June 2014, respondent filed them together with a false certification that they had been reviewed and approved by the wife.

Respondent admits that, during a hearing before the bankruptcy trustee in late June 2014, the wife admitted that,

although she had approved the petition, she had not completed the required credit counseling course and had not approved the supporting schedules. In addition, the husband admitted that a schedule listing his assets omitted that he was entitled to an anticipated payment in the amount of $50,000 pursuant to an annuity agreement that had been established in settlement of a prior personal injury claim. The testimony of the parties during the bankruptcy hearing also established that respondent was concurrently representing the husband in the divorce action, after which the trustee adjourned the hearing. Respondent admits that he did not thereafter seek to file corrected documents in the bankruptcy proceeding in light of the hearing testimony of the parties that conflicted with the information and statements contained in the documents that respondent had previously filed with the Bankruptcy Court.

On July 17, 2014, the bankruptcy trustee, citing the inaccurate filings and conflict of interest that were revealed during the hearing, moved in Bankruptcy Court for an order removing respondent as counsel to both parties and requiring him to disgorge fees in the amount of $1,000.

Respondent admits that he thereafter filed an amended asset schedule including the husband's anticipated $50,000 annuity payment and moved to sever the husband's bankruptcy proceeding from that of the wife. Respondent admits that, following a hearing in Bankruptcy Court on August 6, 2014, the Bankruptcy Court directed respondent to file for both parties to the proceeding a consent to change attorney form and, in October 2014, the Bankruptcy Court entered an order approving a stipulation whereby respondent agreed to disgorge fees in the amount of $1,000 and to pay $500 each to replacement counsel for the parties. The Bankruptcy Court additionally directed respondent to withdraw as counsel for the husband in the divorce action.

With respect to a separate client matter, respondent admits that, in December 2013, he agreed to assist a client in regaining ownership of certain real property, which the client had previously transferred to a relative subject to a life estate interest retained by the client. Inasmuch as the client contended that the relative had taken possession of the property in violation of the client's life estate interest, respondent commenced a summary proceeding against the relative, which prompted the relative to vacate the premises. Respondent admits, however, that he thereafter sent to the relative a letter accusing him of

removing certain personal property from the premises and threatening to bring felony grand larceny charges against him if he did not relinquish his ownership interest in the property.

We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.7 (a) (1) and (2)—representing a client in a matter in which a reasonable lawyer would conclude that the representation involves the lawyer representing differing interests, or that there will be a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests, without obtaining from each affected client informed consent, confirmed in writing;

rule 3.3 (a) (1)—failing to correct a false statement of fact previously made to a tribunal by the lawyer;

rule 3.4 (e)—threatening to present criminal charges solely to obtain an advantage in a civil matter;

rule 5.3 (a)—failing to supervise adequately the work of a nonlawyer who works for the lawyer;

rule 8.4 (c)—engaging in conduct that involves dishonesty, fraud, deceit or misrepresentation; and,

rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In determining an appropriate sanction, we have considered in aggravation of the charges that respondent has previously received from the Grievance Committee several letters of admonition and letters of caution. We have additionally considered respondent's submission in mitigation, including his expression of remorse for the misconduct and his statement that the inaccurate statements contained in the bankruptcy petition and supporting schedules were owing to inadvertence and inattention, rather than venal intent. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., CARNI, VALENTINO and DeJOSEPH, JJ., concur.

Order of censure entered.